IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal Action |
| v. | : |
| | : 13-507 |
| MARIA DeJESUS-GUZMAN a/d/a "W.A.A." | : |

## ORDER

AND NOW, this 27 day of January 2014, upon consideration of defendant's motion to dismiss indictment (doc. no. 10), and the government's response thereto (doc. no. 12), **IT IS HEREBY ORDERED** that the motion is **DENIED**[1].

BY THE COURT

LAWRENCE F. STENGEL, J.

---

[1] I will deny this motion because the defendant has not attempted to satisfy the intent element for undue delay. Both the defendant and the United States agree that a defendant seeking to dismiss an indictment for undue delay must establish that 1.) Government deliberately delayed bringing the indictment in order to gain some advantage over the defendant, and 2.) the delay actually prejudiced the defendant. *See* USA v. Beckett, 208 F.3d 140, 150-1 (3rd Cir. 2000); *See also* United States v. Ismaili, 828 F.2d 153, 167 (3d Cir. 1987). Defendant argues that the delay has caused her prejudice. However, the defendant states, "It is unclear as to why the Government failed to indict Defendant in 2010.... It is unclear if the delay on the part of the Government was tactical or simploy mere negligence...." D.'s mot concerning pre-arrest delay (doc. no. 10) at ¶17 and 18. Defendant's allegations are not enough to establish the Government's intent to gain advantage or cause prejudice.